THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Case No. 1:26-cv-8811

BRIAN TOTIN,

Plaintiff,

v.

COMPASS, INC. and CARLOS ALBERTO GARCIA,

Defendants.

---

## COMPLAINT

Plaintiff Brian Totin ("Plaintiff") sues Compass, Inc. ("Compass") and Carlos Alberto Garcia ("Garcia") (collectively the "Defendants"), and alleges as follows:

## THE PARTIES

1. Plaintiff is an individual who is a citizen of the State of New York and currently residing in the State of New York.

2. Compass is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 110 5th Avenue, 3rd Floor, New York, NY 10011. Compass' agent for service of process is CT Corporation System, 28 Liberty Street, New York, NY 10005.

3. Garcia is an individual who is a citizen of the state of New York residing at 2411 Frederick Douglass Blvd, Apt 7E, New York, NY 10027.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

6. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or his agents reside or may be found in this district. "A defendant 'may be found' wherever that person is amenable to personal jurisdiction." Cavu Releasing, LLC. v. Fries, 419 F. Supp. 2d 388, 394 (S.D.N.Y. 2005). In other words, "[v]enue is proper in his District because the defendants are subject to personal jurisdiction in this District." Noble v. Crazetees.com, 2015 U.S. Dist. LEXIS 130508, at *9 (S.D.N.Y. July 16, 2015).

## FACTS

### I. Plaintiff's Business and History

7. Plaintiff is a real estate photographer who spent many years working as a photojournalist throughout New York, New Jersey, and Connecticut. Mr. Totin's photographic work has been published in various periodicals, including Sports Illustrated, The New York Times, USA Today, and The Washington Post. He has received numerous awards, including from the Society of Professional Journalists, Society for News Design, and National Press Photographers Association. Mr. Totin's professional portfolio can be viewed on his professional website (at http://www.briantotin.com/).

### II. The Work at Issue in This Lawsuit

8. Plaintiff created multiple commercial photographs of real estate (collectively referred to herein as the "Work"). Attached hereto as **Exhibit "A"** is a spreadsheet which identifies each photograph comprising the Work, the corresponding U.S. Copyright Office registration numbers for such photographs, and one or more screenshots of the alleged infringement of such

photographs.

9. Each photograph comprising the Work was registered by Plaintiff with the Register of Copyrights and was assigned a Registration Number thereby. A true and correct copy of the Certification of Registrations pertaining to the Work are attached hereto as **Exhibit "B."**

## III. Defendants' Unlawful Activities

10. Garcia is a licensed real estate salesperson primarily servicing New York.

11. Garcia advertises/markets his business through Compass' website (https://www.compass.com/), social media (e.g., https://www.instagram.com/compass/, https://www.facebook.com/compass/), his personal social media (e.g. https://www.linkedin.com/in/carlos-garcia-48b43046/, https://www.facebook.com/garcia.boldnewyork/), and other forms of advertising.

12. Compass owns and operates a real estate brokerage firm serving buyers and sellers. Compass relies on individually licensed real estate professionals to perform these services related to residential and commercial transactions

13. Compass advertises/markets its business through its website (https://www.compass.com/), social media (e.g., https://www.instagram.com/compass/, https://www.facebook.com/compass/, https://twitter.com/compass/, https://www.tiktok.com/@compass, https://www.linkedin.com/company/compassinc/), and other forms of advertising.

14. On a date after the copyright registration of the Work, Defendants listed for sale the real property located at 304 West 102nd Street, Unit 4B, Manhattan, NY 10025 (the "Property").

15. In doing so, Defendants created and published a Multiple Listing to market and sell the subject Property (the "MLS Listing").

16. Relevant hereto, the MLS Listing includes therein a copy of each photograph comprising the Work amongst the various photographs selected by Defendants to market the Property, and all such photographs (including the copy of the Work) were then published and viewable across multiple websites (including www.compass.com, www.realtor.com, etc.).

17. Defendants displayed the MLS Listing on their own website at: https://www.compass.com/listing/304-west-102nd-street-unit-4b-manhattan-ny-10025/1281755732892299481/, https://www.compass.com/listing/304-west-102nd-street-unit-2c-manhattan-ny-10025/1354485147301048209/, and https://www.compass.com/listing/304-west-102nd-street-unit-3a-manhattan-ny-10025/1389806197360438057/.

18. Compass, the listing broker for Garcia, appears as listing broker on the MLS Listing.

19. A true and correct copy of screenshots of Defendants' website, webpage, social media, and/or printed media, displaying the copyrighted Work, are included in Exhibit "A" hereto.

20. Defendants are not and have never been licensed to use or display the Work.

21. Defendants are not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with the MLS Listing, Defendants' website, webpage, social media, and/or printed media – even though the Work that was copied is clearly professional photography that would put Defendant on notice that the Work was not intended for public use.

22. Defendants utilized the Work for commercial use.

23. Upon information and belief, Defendants located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for their own commercial use.

24. Through his ongoing diligent efforts to identify unauthorized use of his photographs, Plaintiff discovered Defendants' unauthorized use/display of the Work in October 2025. Following such discovery, Plaintiff notified Defendants in writing of such unauthorized use.

25. All conditions precedent to this action have been performed or have been waived.

**COUNT I – COPYRIGHT INFRINGEMENT**

26. Plaintiff re-alleges and incorporates paragraphs 1 through 26 as set forth above.

27. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

28. Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights.

29. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendants had access to the Work prior to their own reproduction, distribution, and public display of the Work on the MLS Listing, Defendants' website, webpage, social media, and/or printed media..

30. Defendants reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

31. By their actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendants' infringement was either direct, vicarious, and/or contributory.

32. Defendants' infringement was willful as they acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Defendants clearly

understand that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

33. Plaintiff is entitled to recover his actual damages resulting from Defendants' unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Work, which amounts shall be proven at trial.

34. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

35. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Defendants' conduct.

36. Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. A declaration that Defendants have infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d. Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendants, their employees, agents, officers, directors,

attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

Dated: October 6, 2026.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza
Daniel DeSouza, Esq.